A. J. KNOTT AND LEVI KNOTT, APPELLANTS, *v.* JOSEPH KNOTT, RESPONDENT.

FINDINGS BY THE COURT IN A SUIT—WHEN CONCLUSIVE UPON THE PARTIES IN THE SUIT IN FAVOR OF THOSE NOT PARTIES.—In a suit for a dissolution of a partnership and a final accounting, the court found that the indebtedness of the partnership consisted of a claim in favor of one F., amounting to two thousand eight hundred and forty-eight dollars. The decree of the court, providing for a distribution of the property of the partnership, ordered that, "after the payment of the said indebtedness of said partnership," the money in the hands of the receiver should be applied in payment of costs of suit, and the residue distributed between the partners: *Held*, that such finding and decree were conclusive upon the partners in a proceeding to enforce the payment of the two thousand eight hundred and forty-eight dollars, in discharge of F.'s claims.

APPEAL from Multnomah County.

In a suit between A. J. Knott, plaintiff, and Joseph and Levi Knott, defendants, to dissolve a partnership, and for an accounting, the court found the indebtedness of the partnership to consist of a claim for two thousand eight

hundred and forty-eight dollars in favor of one Foster, and it ordered a distribution of the assets in a prescribed manner, " after payment of said indebtedness." The respondent, Joseph Knott, moved for an order in the court below directing the payment of the two thousand eight hundred and forty-eight dollars upon Foster's claim, which motion was opposed by the other parties to the suit. The court allowed the motion, and from its order thereon this appeal is taken.

*Hill, Durham & Thompson, E. W. Bingham,* and *H. T. Bingham,* for appellants.

Foster was no party to the suit in which this final order is made, and the only object of a finding that the assets of the firm was subject to a claim of his, was that the said assets might not be distributed among the partners without the firm debts being first ascertained and paid. It was not contemplated by this court that Foster's claim should be recognized and allowed, without these appellants being given an opportunity to dispute it. It would be establishing a very dangerous precedent. The fraud and connivance of an unscrupulous partner, with a third person, might, by this process, deplete the assets of a dissolving firm, and the other partners be powerless to resist and without remedy against the defrauding partner, and this court was without jurisdiction or authority to render such a decree. No person can bind another by any adjudication, who was not himself exposed to the peril of being bound in a like manner had judgment resulted the other way. (Freeman on Judg. 125; 2 Paine, 536; *Clark* v. *Clark,* 2 N. J. L. 112.) A decree that money should be paid to the owners of the judgment, without stating who the owners were, is objectionable. (*De Wolf* v. *Long,* 7 Ill. (2 Gilm.) 679; *Carr* v. *Bobb,* 7 Dana, 417; *Roberts* v. *Elliott,* 3 T. B. Mon. 395. *Muldrow* v. *Muldrow,* 2 Dana, 386; *Riley* v. *Wiley,* 3 Dana, 75; *Taylor* v. *Watkins,* 4 B. Mon. 561; *Hallett* v. *Hallett,* 2 Paige, 15; *Pratt* v. *Oliun,* 3 McL. 27; *Campbell* v. *Consalus,* 25 N. Y. 615; *People* v. *Johnson,* 37 Barb. 502; *Mathews* v.

*Dweyn,* 45 Barb. 69; *York* v. *Steele,* 50 Barb. 397; *Jones* v. *Kolisenski,* 41 Ald. 607.)

This decree could not have been pleaded as a bar to an action by Foster to recover on the same claim of services. (*Miner* v. *Walter,* 17 Ind. 237; *Williams* v. *Gibbs,* 17 How. 249; *Barny* v. *Fanning,* Paine, 549; *Dorsey* v. *Smith,* 28 Cal. 31; *Smith* v. *Hall,* 8 Maine, 348.)

Creditors have no lien upon partnership effects, and can enforce their claim only by a common law action. (Story on Part., sec. 361, p. 570; *Mosely* v. *Cake,* 7 Leigh 225; *Bosweil* v. *Duckison,* 4 McL. 262.)

No member of the late firm, after commencement of suit for dissolution, could bind the firm so as to authorize judgment in favor of a stranger. The motion of Joseph Knott, by his attorneys, to pay Foster, could not bind the late firm as an admission of the debt; nor would his admissions during pendency of litigation bind the interests of the other partners. The decree of dissolution relates back to the commencement of the suit. (Story on Part., sec. 323 *et seq.,* and notes; *Bell* v. *Morrison,* 1 Pet. 351; 3 Kent's Com. 42; *Brisban* v. *Boyd,* 4 Paige, 17; *Hamway* v. *Stewart,* 6 Watts, 489; *Hockley* v. *Patrick,* 3 Johns. 536; *Walden* v. *Sherbourne,* 15 Johns. 409; *Hopkins* v. *Banks,* 7 Cow. 650; *Baker* v. *Kaufman,* 9 Cow. 420; *Gleason* v. *Clark,* 9 Cow. 57; *Burns* v. *McKenzie,* 23 Cal. 101; *Bispham* v. *Patterson,* 2 McL. 87.)

" A partner cannot confess judgment that shall be binding upon the partnership property, unless made in an action pending." (*Richardson* v. *Fuller,* 2 Or. 179.) It was, therefore, the duty of the lower court, in construing said mandate, to put such interpretation upon it, if possible, as would hold this court to have done what it had authority to do—to bind parties and privies to this suit and no others. *Res inter alias acta, alies nac prodest nec nocet.* It should have, therefore, construed this portion of the mandate as a caution not to distribute the assets to the partners until this suggested indebtedness to Foster had been adjusted by legal proceedings determining the rights of the several parties.

*Dolph, Bronaugh, Dolph & Simon, and W. W. Thayer* for respondent:

It is an elementary proposition, time and again reiterated in the text books and decided cases, that upon decreeing a dissolution of copartnership, there can be no distribution of the property of the firm amongst the partners until after payment of the debts of the concern; for it is only as to the surplus hereafter that any right of distribution exists. (Story on Part., sec. 347 and note, sec. 350; Colyer on Part., secs. 226, 320; Parsons on Part., p. 512, note *h; Geortner* v. *Trustees of Canajoharie,* 2 Barb. 628; *Trufant* v. *Merrill,* 37 How. Pr. 531; *Griggs* v. *Clark,* 23 Cal. 428.)

It may be, however, that the court will decline to inquire into these circumstances, or to look beyond the transcript presented on this appeal. If such should be the opinion of the court in this particular, then we submit that, as this transcript consists simply of a copy of the former decree of this court, and of said order entered in the court below for its enforcement, the doctrine must prevail that everything will be presumed to have been done and shown which was necessary, to sustain the judgment of those courts in entering said decree and order, until the contrary appears, and that therefore said order will be affirmed. (*People* v. *Best,* 39 Cal. 690; *Carman* v. *Pultz,* 21 N. Y. 547; *Fulton* v. *Earhart,* 4 Or. 61.)

By the Court, McARTHUR, J.:

This cause was heard and determined by this court at the last term. The decree then entered shows, among other things, that it was found and adjudged "that the indebtedness of said partnership consists of a claim of W. H. Foster for services, amounting to twenty-eight hundred and forty-eight dollars and seventy-five cents," and it was decreed that all the property of the partnership be sold; that the proceeds of such sale be paid over to the clerk of the court from which the appeal was taken, and "thereafter distributed according to the directions of this decree; that respondent Joseph Knott and respondent Levi Knott each receive one fourth, and that appellant, A. J. Knott, receive

one half of the proceeds of the sale of the partnership property and money in the hands of the receiver after the payment of the said indebtedness of said partnership."

After the mandate of this court had been sent to the court below, that court, in carrying out the decree on motion, ordered the clerk to pay over to Foster the amount of his claim as found by this court, and from that order this appeal is taken. The decree of this court at the last term must be regarded as final and conclusive upon all matters contained therein, including the liability of the late firm to Foster. If the present appeal is sustained and the order of the court below reversed, the effect will be to impeach or set aside the former decree, as to that matter which, in our opinion, would conflict with section 377 of the code of civil procedure.

In ordering the payment of the firm's ascertained liability to Foster before distributing the partnership property and assets, the court below followed the decree of this court, and did not err. It is laid up among the fundamentals of the law that there can be no distribution of the property of a dissolved partnership among the partners until the debts are paid. Furthermore, we are of opinion that in a suit for dissolution of copartnership the court should ascertain the amount of the indebtedness of the partnership as well as the value of the partnership property, and the respective interest of each partner therein.

We found that this debt was due to Foster. Of course such finding was not conclusive as to him, for he was not a party to the suit, but it was conclusive as to the Knotts. By accepting the amount found by the court, Foster has absolutely extinguished the only liability of the late firm, and he can never be heard to say aught against the correctness of finding of the court in relation thereto, and his receipt would be a perfect defense to the Knotts should he institute an action against them.

Decree affirmed.